UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:04-CR-183 |
| v. | ) | |
| | ) | (REEVES / SHIRLEY) |
| MARK CHRISTOPHER RYANS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on August 8, 2016, for a detention hearing[1] to determine the Defendant Mark Christopher Ryans' release status pending his August 30, 2016 revocation hearing before United States District Judge Reeves. <u>See</u> 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6). Assistant United States Attorney LaToyia T. Carpenter was present on behalf of the Government. Assistant Federal Defender Paula R. Voss represented the Defendant, who was also present. The Defendant sought release pending his revocation hearing, proceeded by proffer, and argued that conditions, such as residing with his significant other Rochelle Baumgartner, who would serve as his third party custodian; continuing to work for a landscaping company; electronic monitoring; and house arrest, would assure the Court that he would not flee or be a danger to anyone in the community. The Government asked the Court to detain the Defendant pending his revocation hearing, arguing that he is a danger to the community. In support of this argument, it presented the testimony of United States Probation Officer Jennifer Fletcher and Oak Ridge Police Department Detective Allen Marvell Moore. For the reasons discussed below, the Court finds that Defendant Ryans must be detained.

---

[1] The Defendant waived his right to have a preliminary hearing.

A court shall order that a defendant appearing for an alleged violation of supervised release be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community, if released. 18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(6)(a). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(6)(a).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. The nature and circumstances of the violation in this case involves the possession and use of a firearm, which supports detention. See 18 U.S.C. § 3142(g)(1). Two witnesses identified the Defendant as shooting a firearm at 3:30 a.m., on August 2, 2016. The Defendant's cellular telephone and a shell casing were found at the spot from which the Defendant reportedly shot. Moreover, the Defendant gave a statement in which he admitted shooting the firearm. The Court finds probable cause to believe that Defendant Ryans possessed and used a firearm at around 3:30 a.m., on August 2, 2016.

With regard to the weight of the evidence of the Defendant's dangerousness, the Court finds that the Defendant was convicted in 2005 in this Court of conspiracy to distribute and to possess with intent to distribute crack cocaine and with possession of a firearm during a drug trafficking crime. The Court finds that the Defendant criminal history includes a conviction for simple assault of an elderly man in April 1998 and an arrest in November 1999 for robbing employees of two separate businesses at gunpoint. The Court acknowledges that this criminal history includes offenses from over fifteen years ago. However, the Court also finds that there are recent allegations that the Defendant assaulted and shot at Wanda Sue Phillips, an individual who allegedly owed him money, in the hours proceeding and in connection with the instant violation. Thus, the Court finds that the weight of the evidence of the Defendant's

dangerousness, particularly dangerousness relating to firearms, is significant and weighs in favor of detention. 18 U.S.C. § 3142(g)(2); see United States v. Stone, 608 F.3d 939, 948 (6th Cir. 2010) (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

The third factor focuses on the Defendant's history and characteristics. See 18 U.S.C. § 3142(g)(3). In this case, the Defendant has been in a long-term relationship with Rochelle Baumgartner, who is willing to have him continue to live with her and her children. Defendant proffered that he is working for a landscaper and supporting Ms. Baumgartner and that he also assists with her medical care. The Defendant's employment and support of Ms. Baumgartner, along with the Defendant's life-long residence in Clinton and Oak Ridge, Tennessee, weigh in favor of release because they suggest that the Defendant would not be a flight risk. See 18 U.S.C. § 3142(g)(3)(A).

However, other characteristics, such as the Defendant's past conduct, drug abuse, and criminal history, all weigh in favor of detention. See 18 U.S.C. § 3142(g)(3)(A). Taking the evidence in the light most favorable to the Defendant, upon believing that a close friend or family member had been assaulted by Wanda Sue Phillips, the Defendant proceeded to Ms. Phillips' house at 3:30 a.m. and shot a gun (which he is prohibited from possessing both as a condition of his release and under federal law) into the air. In a statement to Detective Moore, the Defendant admitted shooting the gun and said that he did so in order to protect his family. This evidence reveals that the Defendant is a danger to the community, particularly given the fact that the conflict between Ms. Phillips, the Defendant, and the Defendant's close friend/cousin Natasha Smith is unresolved and ongoing. Additionally, the Court observes that cocaine and marijuana were found in a search of Ms. Baumgartner's residence, where the Defendant has been

3

living and proposes to continue to live. Upon reporting to his probation officer following the August 2 incident, the Defendant tested positive for marijuana. The Court finds this additional crime weighs in favor of detention. Also, the Court finds that the Defendant was on federal supervised release at the time he committed the alleged violations and tested positive for marijuana, a fact which also supports detention. See 18 U.S.C. § 3142(g)(3)(B).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. See 18 U.S.C. § 3142(g)(4). In this regard, the Court finds that in the last week, the Defendant has responded to a fight between a close friend and a woman who owes him money by acquiring a gun, proceeding to the woman's neighborhood in the middle of the night, and firing the gun in the presence of two bystanders and in the environs of the sleeping neighbors. The Defendant was arrested later that early morning in a vehicle containing a different gun. Following his arrest for the shooting incident, cocaine and marijuana were discovered in a search of the Defendant's residence. Moreover, upon making bond for the shooting incident, the Defendant reported to his probation officer and tested positive for marijuana use. Even setting aside the allegations that the Defendant instigated the conflict between his family and Ms. Phillips by "pistol whipp[ing]" Phillips due to a drug deal gone bad, the Court finds that the Defendant's actions in the last week show him to be a serious danger to Ms. Phillips and anyone who might be in her vicinity. Ultimately, the Court finds that these actions of the Defendant speak louder than his promises to comply with conditions, if he were released again. Moreover, the Court finds that the conditions offered by the Defendant–that of living with Ms. Baumgartner while working–were precisely the same circumstances under which he was living when he acquired and shot a gun and used marijuana. The Court finds that the additional conditions of electronic monitoring and house arrest would not be sufficient to prevent

further abuse of controlled substances, nor would they prevent the Defendant from acquiring firearms.

The Defendant has failed to carry his burden of showing that he is not a danger to the community. The Court is not persuaded in this regard, much less by clear and convincing evidence, and finds that the Defendant does pose such a danger. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, and therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The Defendant is **ORDERED** to appear for a revocation hearing before United States District Judge Pamela L. Reeves on **August 30, 2016, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge